IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GOOD SHEPHERD ASSISTED LIVING CORP. and GOOD SHEPHERD LUTHERAN COMMUNITY CORP., | ) ) ) ) | CASE NO. _____ |
| Plaintiffs, | ) ) ) | **NOTICE OF REMOVAL AND DEMAND FOR JURY** |
| vs. | ) ) ) | |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK d/b/a GREAT AMERICAN INSURANCE COMPANY and ERIC HOWELL, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

COME NOW Defendants, Great American Insurance Company of New York ("Great American N.Y.") Eric Howell, ("Howell") and to the extent that Great American Insurance Company has been named as a Defendant, by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, jointly file this Notice of Removal of Case No. CI 14-212 from the District Court of Washington County, Nebraska to the United States District Court for the District of Nebraska. In support of the Notice of Removal, the Defendants state as follows:

### TIMELINESS OF REMOVAL

1.      This civil action was originally filed in the District Court of Washington County, Nebraska on October 30, 2014.

2.      Great American N.Y. has not been served with process but enters its voluntary appearance by the filing of this Notice of Removal.

3.      Great American Insurance Company was served on November 17, 2014.

4.    Howell was served with a Summons on November 14, 2014.

5.    All Defendants consent to removal.

6.    The Defendants' Notice of Removal is timely, as it was filed within the thirty (30) day time frame allowed pursuant to 28 U.S.C. § 1446(b).

7.    Upon information and belief, at the time of removal and at all times material hereto, Plaintiffs were citizens of Nebraska. (Complaint ¶1)  Great American N.Y. is a citizen of the states of New York and Ohio and is an insurance company organized and existing pursuant to the laws of the state of New York with its principal place of business in Cincinnati, Ohio. (Complaint ¶2)  Great American Insurance Company is a citizen of the state of Ohio and is an insurance company organized and existing pursuant to the laws of the state of Ohio, which is the principal place of business in Cincinnati, Ohio.  Plaintiffs do not make any allegations as to the citizenship of Howell in the Complaint, other than to say he works in Omaha, Nebraska. (Complaint ¶2).

8.    As required by 28 U.S.C. § 1446(a), copies of all "process, pleadings and orders served upon each such defendant" are attached hereto as Exhibit 1 to this Notice of Removal.

9.    In their Complaint, Plaintiffs seeks damages in excess of $3,535,815.48. (Complaint, ¶ 22)  As such, the amount in controversy easily satisfies the requisite $75,000 amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

10.   As set forth more fully below, this Court has original subject matter jurisdiction on diversity grounds pursuant to 28 U.S.C. §1332(a)(1) and (2).  *See also* 28 U.S.C. §1441(a) providing that any civil action filed in state court which the district would have original jurisdiction may be removed.

11.     The Complaint is silent on the citizenship of Howell.  (Complaint ¶ 3)  As such, Plaintiffs have not alleged sufficient facts to defeat diversity jurisdiction and Removal is appropriate based on the allegations of Plaintiffs Complaint.   Even assuming Plaintiffs had alleged Howell is a citizen of the state of Nebraska, Removal is still appropriate as Howell has been fraudulently joined for the sole purpose of destroying diversity and therefore an exception to the complete diversity rule applies.  *See In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010); *Anderson v. Home Ins. Co.*, 724 F.2d 82, 83 (8th Cir. 1983).

## ALLEGATIONS OF THE COMPLAINT

12.     Plaintiffs generally allege that they are entitled to property insurance benefits due to damage sustained by various buildings on their Property in Blair, Nebraska due to a severe thunderstorm on or about June 3, 2014.  (Complaint,¶ 6).  Plaintiffs further allege that NHI Adjusters ("NHI"), was hired by Great American N.Y. to work on the Good Shepherd claims and that Howell, an employee of NHI, was assigned to be an adjuster on the claim.  (*Id.* ¶ 7).

13.     Plaintiffs' claim for relief against Howell alleges that he acted in bad faith through his acts and/or omissions in adjusting the claim on behalf of Great American N.Y.  (*Id.* ¶7 and ¶20).

14.     Specifically, in Paragraph 7, Plaintiffs allege acts and omissions allegedly constituting bad faith on the part of Howell, stating:

- Howell, who is employed by NHI Adjusters, was hired by Great American and assigned as an individual adjuster on the claim.
- Upon information and belief, Howell conducted a substandard investigation and inspection of the Property, prepared a report that failed to include all of the damages, and purposefully undervalued damages to the Property.
- Howell excluded certain items from coverage despite not having reviewed the policy or familiarized himself with its exclusions.

- Indeed, as of August 29, 2014, after Howell had performed his work, Howell did not know which exclusions, if any, applied to the claim.
- Defendants acted in concert and performed an outcome-oriented investigation of Plaintiff's claim that resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.
- Instead of acknowledging liability once it had become reasonably clear to them, Defendants delayed payments and approval of much-needed repairs, causing further damage, including mold, to the facility.

(Complaint ¶7)  These allegations are repeated at ¶20 of the Complaint

## GROUNDS FOR REMOVAL

### A. Defendant Howell's citizenship does not defeat diversity due to Plaintiffs' fraudulent joinder.

15.     Complete diversity of citizenship exists between the Plaintiff and Great American.  Plaintiffs do not allege any facts as to the citizenship of Howell and this court must accept the allegations at the time of Removal.  (Complaint ¶3)  Nonetheless, had Plaintiffs alleged that Howell was a citizenship of Nebraska, the citizenship of Howell should be disregarded as he has been fraudulently joined.

16.     Under well-established principles of federal law and civil procedure, a plaintiff may not destroy a defendant's right of removal by fraudulently or improperly joining a resident defendant. *Anderson v. Home Insurance Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (finding that a party that was joined "solely to deprive federal courts of jurisdiction is deemed fraudulent and does not prevent removal.") The Eighth Circuit instructs the district courts to "give paramount consideration to the reasonableness of the basis underlying the state claim" when determining if a non-diverse defendant has been fraudulently joined. *Menz v. New Holland N. Am. , Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir.2003)).

17.     The Complaint contains the judicial admission that Howell was an employee of NHI. Plaintiffs do not allege any contractual relationship between Howell and Good Shepherd nor do they allege any contractual relationship between Howell and Great American N.Y. Nevertheless, Plaintiffs claim that Howell is personally liable to Plaintiffs for bad faith, on a claim for provided insurance coverage by Great American N.Y. (*Id.* ¶¶ 7, 18-21). Plaintiffs have not alleged any facts or legal theory that would provide a reasonable basis for its bad faith claim against Howell, individually. Howell is not alleged to be a party to an insurance contract with Good Shepherd. Plaintiffs do not allege that they hired to retained Howell or his employer, NHI. Plaintiff's do not allege that the acts or omissions of Howell caused any personal injury or property damage. Plaintiffs do not allege that Howell committed fraud. In fact it is impossible to determine from the allegations of the Complaint the scope of Howell's work in adjusting the Plaintiffs' loss. In particular Plaintiffs do not allege that Howell had the right to deny claims or determine the amounts to be paid by Great American N.Y.

18.     Nebraska courts recognize first party bad faith claims as an action in tort that arises from the implied covenant of good faith and fair dealing, which, in turn, is dependent upon the existence of a contractual relationship. *See Braesch v. Union Ins. Co.*, 237 Neb. 44, 55-56, 464 N.W.2d 769, 776 (1991); *Ruwe v. Farmers Mutual,* 238 Neb. 67, 74, 469 N.W.2d 129, 135 (1991); *and LaRette v. American Medical Security, Inc.,* 270 Neb. 545, 553, 705 N.W.2d 41, 48 (2007). Since, the insurance contract was entered into between Plaintiffs and Great American N.Y. (Complaint, ¶ 4), Howell was not a party to that contract and cannot be held personally liable for claims dependent on that contract. *See Braesch,* 237 Neb. At 55-56, 464 N.W.2d at 776. Having no such contractual relationship, Howell owed no duty to Plaintiffs.

19.     Howell's fraudulent joinder is further highlighted based on his status as an employee of NHI. (Complaint ¶ 9). Plaintiffs allege that Howell was acting as an employee of NHI, not in an individual capacity. (*Id.* ¶ 7).

20.     Generally, an agent is not personally liable on contracts entered into by his principal, so long as the agent was acting within the scope of his authority. *Haines v. National Union Fire Ins. Co.,* 812 F. Supp. 93, 96 (S.D.Tex. 1993) (citing *Corpus Christi Dev. Corp. v. Carlton,* 644 S.W.2d 521, 523 (Tex.App. Corpus Cristi 1982)). In fact, the Nebraska Supreme Court has explained that "[w]hen a party contracts with a known agent acting within the scope of this or her authority for a disclosed principal, the contract is that of the principal only and the agent cannot be held personally liable thereon, unless the agent purports to bind himself or herself, or has otherwise bound himself or herself, to performance of the contract." *Broad ex rel. Estate of Schekall v. Randy Bauer Ins. Agency, Inc.,* 275 neb. 788, 795, 749 N.W.2d 478, 483 (2008)(citing *Hecker v. Ravenna Bank,* 237 neb. 810, 468 N.W.2d 88 (1991); *Coffey v. Mann,* 7 Neb. App. 805, 585 N.W.2d 518 (1998)).

21.     Howell owes the Plaintiffs no duty since Nebraska does not recognize a claim for bad faith against Howell based on the allegations of the Complaint. It is clear that the claim against Howell was asserted with the sole purpose of destroying the complete diversity that exists between the Plaintiff and Great American N.Y.[1]

## PROCEDURE FOR REMOVAL

22.     Defendants have complied with all applicable requirements of 28 U.S.C. §1446, and are promptly serving notice of this removal to Plaintiffs and the District Court of Washington County, Nebraska. Pursuant to 28 U.S.C. § 1446(d).

---

[1] The fraudulent joinder is further illustrated by the fact that Plaintiffs are not seeking to hold NHI, a diverse entity, liable for bad faith.

23.    Defendants reserve the right to amend or supplement this Notice of Removal.

24.    Defendants reserve all defenses.

WHEREFORE, the Defendants request that the above-entitled action now pending in the District Court of Washington County, Nebraska, be removed to this Court and that this Court accept jurisdiction of the action and place the action on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.


DATED this 12th day of December, 2014.

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK, GREAT
AMERICAN INSURANCE COMPANY and
ERIC HOWELL,


By: /s/J.Scott Paul_____
    J. Scott Paul (16635)
    Brian T. McKernan (22174)
    McGrath North Mullin & Kratz, PC LLO
    First National Tower, Suite 3700
    1601 Dodge Street
    Omaha, Nebraska 68102
    (402) 341-3070
    (402) 341-0216 fax
    spaul@mcgrathnorth.com
    bmckernan@mcgrathnorth.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2014, the foregoing document was served via U.S. Mail, postage pre-paid to:

Brian E. Jorde
Domina Law Group, PC LLO
2425 S. 144th St.
Omaha, NE 68144
bjorde@dominalaw.com

Richard D. Daly
Daly & Black, PC
2211 Norfolk St., Ste. 800
Houston, TX 77098
rdaly@dalyblack.com

/s/J. Scott Paul

8

Filed in Washington District Court
*** EFILED ***
Case Number: D29CI140000212
Transaction ID: 0001763234
Filing Date: 10/30/2014 08:20:42 AM CDT

## DISTRICT COURT, WASHINGTON COUNTY, NEBRASKA

GOOD SHEPHERD                    )
ASSISTED LIVING CORP.            )
and GOOD SHEPHERD                )          CASE NO. _____
LUTHERAN COMMUNITY               )
CORP.                            )
                                 )
    *Plaintiff,*                )
                                 )
    vs.                          )          **Plaintiffs' Original Complaint**
                                 )
                                 )
GREAT AMERICAN INSURANCE )
COMPANY OF NEW YORK              )
d/b/a GREAT AMERICAN             )
INSURANCE COMPANY and            )
ERIC HOWELL                      )
                                 )
    *Defendants.*                )

    1.     Plaintiffs GOOD SHEPHERD ASSISTED LIVING CORP. and GOOD

SHEPHERD LUTHERAN COMMUNITY CORP. (collectively "Good Shepherd" or

"Plaintiffs") are Nebraska Non-Profit Corporations located at 2242 Wright Street, Blair,

Nebraska, operate several facilities incorporated under two names, and do business as the

Good Shepherd, and allege as follows:

    2.     Defendant GREAT AMERICAN INSURANCE COMPANY OF NEW

YORK d/b/a GREAT AMERICAN INSURANCE COMPANY ("Great American") is an

Ohio-based insurance company that underwrites, among other things, property, casualty,

and wind or hail loss insurance policies in the State of Nebraska. Great American's

administrative offices are located at 301 E. 4th Street, Cincinnati, Ohio 45202-4201.

Pursuant to Nebraska Rule of Civil Procedure 25-509.01, Great American may be served

via certified mail by serving both its Chief Executive Officer Donald Larson at 301 E. 4th

1



PENGAD 800-631-6989

**EXHIBIT**

_1_

Street, Cincinnati, Ohio 45202-420, and C.T. Corporation, 111 Eighth Avenue, New York, New York, 10011.

3.     Defendant ERIC HOWELL ("Howell") is an individual who works at 13110 Birch Drive #182, Suite 148, Omaha, Nebraska 68164. Pursuant to Nebraska Rule of Civil Procedure 25-508.01, Howell may be served via certified mail.

4.     On or about June 3, 2014 Good Shepherd, a faith-based Nebraska business providing services to the elderly and infirmed, as well as to children, was a named insured under an insurance policy issued by Great American that provided coverage for any losses resulting from hail, wind, or other such storm damage (the "Policy").

5.     Plaintiffs paid all premiums required under the Policy, and performed all other conditions precedent required thereunder.

6.     On or about June 3, 2014 a powerful storm hit the Washington County area and Blair, Nebraska, seriously damaging Plaintiffs' property covered by the Policy. The property in question (the "Property") is located at 2242 Wright Street, Blair, Nebraska. Plaintiffs subsequently filed a claim on the Policy, which was assigned Claim No. 571567687. A separate lightning strike was assigned Claim No. 571566042.

7.     Howell, who is employed by NHI Adjusters, was hired by Great American and assigned as an individual adjuster on the claim. Upon information and belief, Howell conducted a substandard investigation and inspection of the Property, prepared a report that failed to include all of the damages, and purposefully undervalued damages to the Property. Howell excluded certain items from coverage despite not having reviewed the policy or familiarized himself with its exclusions. Indeed, as of August 29, 2014, after Howell had performed his work, Howell did not know which exclusions, if any, applied

to the claim.   Defendants acted in concert and performed an outcome-oriented investigation of Plaintiffs' claim that resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.   Instead of acknowledging liability once it had become reasonably clear to them, Defendants delayed payments and approval of much-needed repairs, causing further damage, including mold, to the facility.

8.   Defendants improperly underpaid and/or denied the claim.   Moreover, Plaintiffs have incurred significant losses due to business interruption, other personal property losses related to the storm, damages related to a lightning strike, and other consequential damages stemming from Great American's breach of the policy.

9.   Defendants' conduct, mishandling, underpayment, and delay in payments on the property damage claim has compelled Plaintiffs to institute litigation to recover amounts due under the policy.

10.   Defendants' conduct constitutes bad faith under Nebraska common law. Defendants failed to employ fair settlement practices, failed to conduct a proper investigation and instead chose to conduct a perfunctory and results-driven investigation, demonstrated indifference to facts submitted to them, unnecessarily delayed the claims process in an effort to maximize year-end profits, and failed to subject the results and findings to reasonable evaluation and review.

11.   The District Court has subject matter jurisdiction pursuant to Section 24-302 of Nebraska Revised Statutes.   The amount in controversy exceeds the County Court jurisdiction.

12.   Venue is proper in Washington County, Nebraska, because the Property is located here, the claim arose here, and the insurance policy was delivered here.

3

3

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT (GREAT AMERICAN)**

13.     COMES NOW, Plaintiffs, and for their First Cause of Action against Great American, and pursuant to Section 44-359 of Nebraska Revised Statutes, allege and state as follows:

14.     Plaintiffs specifically incorporate by reference the preceding paragraphs 1-13 as though set forth fully herein.

15.     By undervaluing, denying, and refusing to fully compensate Plaintiffs' claims for benefits arising from the damages sustained during the storm, Great American breached the terms of its insurance contract with Plaintiffs.

16.     Due to Great American's breach, Plaintiffs have been forced to retain counsel and have been damaged in a sum to be determined at trial and final judgment. Plaintiffs' damages include, without limitation, actual damages, interest, and consequential damages, such as mold and required remediation.

17.     WHEREFORE, Plaintiffs pray for judgment against Great American in an amount to be determined at trial and for interest, costs, and reasonable attorney's fees pursuant to Section 44-359 of Nebraska Revised Statutes, together with any other and further relief the Court or jury deems reasonable and appropriate.

**SECOND CAUSE OF ACTION: BAD FAITH (GREAT AMERICAN/ HOWELL)**

18.     COMES NOW, Plaintiffs, and for their Second Cause of Action against Defendants allege and state as follows:

19.     Plaintiffs specifically incorporate the preceding paragraphs 1 through 18 as though set forth fully herein.

4

*4*

20.    Defendants' conduct constitutes bad faith because: (1) Defendants had no reasonable basis for denial, delay, and underpayment of coverage, when liability was reasonably clear; and (2) Defendants acted in reckless disregard, and without having a reasonable basis for denying, delaying, and underpaying coverage.  Defendants failed to employ fair settlement practices, failed to conduct a proper investigation and instead chose to conduct a perfunctory and results-driven investigation, demonstrated indifference to facts submitted to Howell and other Great American agents, unnecessarily delayed payments and the claims process in an effort to maximize year-end profits, and failed to subject the results and findings to reasonable evaluation and review.  Reckless disregard can be inferred from this conduct, regardless of whether Defendants ultimately make good on Plaintiffs' claim.  Moreover, this conduct ultimately caused injury to Plaintiff, some of which became considerably worse with the delay, i.e., the mold issues facing Good Shepherd.  Finally, Defendants had no arguable basis to deny, delay, and underpay the claim based on the information they had at the time they evaluated the claim.  As a result, Plaintiffs are entitled to actual damages and consequential damages including, without limitation, attorney's fees.

21.    WHEREFORE, Plaintiffs pray for judgment against Defendants for damages for Defendants' bad faith refusal to timely pay all of the benefits due to Plaintiffs under the Policy, and for interest, consequential damages, costs, and reasonable attorney's fees pursuant to Section 44-359 of Nebraska Revised Statutes, together with any other and further relief the Court or jury deems reasonable and appropriate

5

### REQUEST FOR RELIEF

22.     WHEREFORE, Plaintiffs pray that, upon final hearing of the case, Plaintiffs recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, which are presently estimated to be no less than $3,535,815.48, which sum includes damages for the amounts still owed under Claim No. 571567687, amounts owed under Claim No. 571566042, business interruption losses, losses related to personal property, and mold damage and costs to remediate. Plaintiffs further ask that they be awarded attorneys' fees through trial and appeal as permitted by Section 44-359 of Nebraska Revised Statutes, consequential damages, costs of court, pre-judgment interest, and post-judgment interest.  Plaintiffs also request such other and further relief, general or special, at law or in equity, to which they may show themselves to be justly entitled.

October _30_, 2014

6

Respectfully submitted,

**DOMINA LAW GROUP, P.C. LLO**

By:___ /s/ Brian E. Jorde_____
        Brian E. Jorde
        NSBA No. 23613
        bjorde@dominalaw.com
        2425 S. 144th St.
        Omaha, Nebraska 68144
        402.493.4100—Telephone

**DALY & BLACK, P.C.**

By:___ /s/ Richard D. Daly_____
        Richard D. Daly
        (Pro Hac Vice Admission)
        rdaly@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFFS**

7

Filed in Washington District Court
*** EFILED ***
Case Number: D29CI140000212
Transaction ID: 0001763234
Filing Date: 10/30/2014 08:20:42 AM CDT

## District Court, Washington County, Nebraska

| | |
|---|---|
| GOOD SHEPHERD ASSISTED LIVING CORP. and GOOD SHEPHERD LUTHERAN COMMUNITY CORP., | Case No. CI _____ |
| *Plaintiff,* | |
| v | |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK d/b/a GREAT AMERICAN INSURANCE COMPANY and ERIC HOWELL, | Praecipe for Summons |
| **Defendants.** | |

To:    Clerk of the District Court:

Pursuant to *Neb Rev Stat* §§ 25-505.01 *et seq.*, please issue Summonses directed to the following:

Great American Insurance Company of New York
d/b/a Great American Insurance Company
By serving both its Chief Executive Officer, Donald Larson, at
301 E. 4th Street
Cincinnati, Ohio 45202
and
C.T. Corporation
111 Eighth Avenue
New York, New York 10011

Eric Howell
13110 Birch Drive, #182, Suite 148
Omaha, Nebraska 68164

Plaintiff elects to make service of process by certified mail.

October _30___, 2014.

Respectfully submitted,

DOMINALAW Group pc llo

By: _/s/ Brian E. Jorde_____
    Brian E. Jorde, #23613
    2425 S. 14tth Street
    Omaha, NE 68144
    402-493-4100
    bjorde@dominalaw.com

Daly & Black, PC


By:___/s/ Richard D. Daly_____
    Richard D. Daly
    (Pro Hac Vice Admission)
    rdaly@dalyblack.com
    2211 Norfolk St., Suite 800
    Houston, TX 77098
    713-655-1405 (Telephone)
    713-655-1587 (Fax)

    *Attorneys for Plaintiff*

9

## IN THE DISTRICT COURT OF WASHINGTON COUNTY, NEBRASKA

|  |  |  |
|---|---|---|
| GOOD SHEPHERD ASSISTED LIVING CORP. and GOOD SHEPHERD LUTHERAN CORP. | ) ) ) | Case No. CI 14-212 |
|  | ) |  |
| Plaintiff, | ) ) |  |
| vs. | ) ) |  |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK d/b/a GREAT AMERICAN INSURANCE COMPANY and ERIC HOWELL | ) ) ) ) | MOTION FOR PRO HAC VICE ADMISSION |
| Defendants. | ) ) |  |

*(stamp)* WASHINGTON COUNTY, NE SUSAN PAULSEN CLERK OF DISTRICT COURT
2014 OCT 31 PM 2: 23
FILED

## MOTION FOR PRO HAC VICE ADMISSION

Brian E. Jorde hereby moves this Court to grant Richard D. Daly admission pro hac vice in the above-captioned case, as co-counsel for the plaintiff.

Brian E. Jorde is a resident of Nebraska, duly and regularly admitted to practice in the courts of record of this state, and service may be had in all matters connected with this action.

Brian E. Jorde, or my designee who shall be licensed to practice in the courts of record of this state, will sign all pleadings, motions, and papers filed in the case, as well as personally appear at all proceedings before the court, unless excused by the court.

In support of this motion, please see the attached application signed by the applicant.

Wherefore, Brian E. Jorde, respectfully moves this Court for admission pro hac vice for Richard D. Daly in the above-captioned case.

/s/ Brian E. Jorde
Brian E. Jorde
NSBA No. 23613
Domina Law Group
2425 S. 144th St.
Omaha, Nebraska 68144
402.493.4100—Telephone
bjorde@dominalaw.com



000043814D29

10

APPLICATION FOR PRO HAC VICE ADMISSION

ATTORNEY NAME:  Richard D. Daly

CASE CAPTION:  Good Shepherd Assisted Living Corp. and Good Shepherd Lutheran
Community Corp. vs. Great American  Insurance Company of New York d/b/a Great American
Insurance Colmpany and Eric Howell

CASE NUMBER: CI  14-212

Court in which you are requesting pro hac vice:  District Court of Washington County Nebraska

RICHARD D. DALY, desiring pro hac vice in the above-stated matter to represent Plaintiff,
affirms as follows:

RICHARD D. DALY is an attorney admitted and eligible to practice law in Texas and is a
member in good standing.

RICHARD D. DALY is not the subject of a disciplinary action or investigation.

RICHARD D. DALY, upon admission pro hac vice, will be subject to the Rules of Professional
Conduct, Neb. Ct. R. of Prof. Cond. §§ 3-501.0 to 3-508.5.

Richard D. Daly has associated with the following attorney who is duly and regularly admitted to
practice in the courts of record of this state, and upon whom service may be had in all matters
connected with the action:

NAME OF LOCAL COUNSEL AND BAR NUMBER: Brian E Jorde NSBA NO. 23613

RICHARD D. DALY has paid the $250 fee to the Clerk of the Court

By:_____
                  Richard D. Daly
                  State Bar of Texas No. 24076368
                  Daly & Black, P.C.
                  2211 Norfolk Street, Suite 800
                  Houston, Texas 77098
                  713.655.1405—Telephone
                  713.655.1587—Fax

11

# IN THE DISTRICT COURT OF WASHINGTON COUNTY, NEBRASKA

GOOD SHEPHERD                      )
ASSISTED LIVING CORP.              )      CASE NO. CI 14-212
and GOOD SHEPHERD                  )
LUTHERAN COMMUNITY                 )
CORP.                              )
                                   )
    *Plaintiff,*          )
                                   )
    vs.                    )      **OATH**
                                   )
GREAT AMERICAN INSURANCE)
COMPANY OF NEW YORK                )
d/b/a GREAT AMERICAN               )
INSURANCE COMPANY and              )
ERIC HOWELL                        )
                                   )
    *Defendants.*         )

FILED
2014 OCT 31  PM 2: 24
WASHINGTON COUNTY, NE
SUSAN PAULSEN
CLERK OF DISTRICT COURT

I, the undersigned attorney, do solemnly swear that I will support the Constitution of the United States, and the Constitution of the State of Nebraska, that I will faithfully discharge the duties of an attorney and counselor, according to the best of my ability.

Dated this ___28th___ day of ___October___, 2014.

_____
Richard D. Daly

Subscribed and sworn to before me this 28th day of October, 2014.

CINDY LOPEZ
Notary Public, State of Texas
My Commission Expires
June 12, 2018

_____
Person Administering Oath Pursuant to
Neb. Rev. Stat § 24-1002

000043815D29

12

District Court, Washington County, Nebraska

Good Shepherd Assisting Living
Corp. and Good Shepherd Lutheran
Corp.

        Plaintiff,

   Vs.

Great American Insurance
Company of New York
d/b/a Great American Insurance
Company and Eric Howell.

      Defendants.

Case No. $CI14-212$

Order

FILED

2014 NOV -3 AM 11:49
WASHINGTON COUNTY, NE
SUSAN PAULSEN
CLERK OF DISTRICT COURT

      This matter comes before the Court upon Richard D. Daly's Motion and Application for *Pro Hac Vice*.

      The Court hereby grants the Motion and Application and Richard D. Daly is admitted *Pro Hac Vice* for the above entitled matter.

    This 3l day of Oct , 2014.

                                       BY THE COURT:

                                       District Court Judge

000043813D29

13

Filed in Washington District Court
*** EFILED ***
Case Number: D29CI140000212
Transaction ID: 0001825430
Filing Date: 11/19/2014 09:13:11 AM CST

Image ID:
D00015055D29

**SUMMONS**

IN THE DISTRICT COURT OF Washington COUNTY, NEBRASKA

PO Box 431
Blair                    NE 68008 0431

Good Shepherd Assisted Living Corp. v. Great American Insurance Co.

Case ID: CI 14       212

TO:  Great American Insurance Co.
DBA: Great American Insurance Co.

You have been sued by the following plaintiff(s):

Good Shepherd Assisted Living Corp.

Plaintiff's Attorney:    Brian E Jorde
Address:                 2425 S 144th Street
                         Omaha, NE 68144-3267

Telephone:               (402) 493-4100

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  OCTOBER 30, 2014    BY THE COURT:  _Susan K. Paulsen_
                                                Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

          Great American Insurance Co.
          301 E. 4th Street
          Cincinnati, OH 45202

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

14

## SERVICE RETURN

Doc. No.    15055

Washington District Court

PO Box 431
Blair                    NE 68008 0431

To:
Case ID: CI 14    212 Good Shepherd Assi v. Great American Ins

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                              _____

Mileage ____miles        _____

   TOTAL               $ _____

Date: _____  .BY: _____
                                        (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail, 9414 81092 0082 8381 0295 96,
TO THE PARTY: _Great American Insurance Co._____

At the following address: _301 E. 4th Street, Cincinnati, OH 45202_____

_____

_____

on the _9th__ day of _November_____ _2014___, as required by Nebraska state law.

_____

Postage $ _5.86___   Attorney for: _Plaintiff_____

The return receipt for mailing to the party was signed on _November 17_____, _2014__.

To: Great American Insurance Co.        From: Brian E Jorde
    301 E. 4th Street                         2425 S 144th Street
                                              Omaha, NE 68144-3267
    Cincinnati, OH 45202

## ATTACH RETURN RECEIPT & RETURN TO COURT

15

**UNITED STATES**
**POSTAL SERVICE.**

Date: November 18, 2014

Richard Daly:

The following is in response to your November 18, 2014 request for delivery information on your Certified Mail™/RRE item number 9414810200828381029596. The delivery record shows that this item was delivered on November 17, 2014 at 11:41 am in NEW YORK, NY 10011. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

*** EFILED ***
Filed in Washington District Court
Case Number: D29CI140000212
Doc. No: 15056
Transaction ID: 0001826430
Filing Date: 11/19/2014 09:13:11 AM CST

Image ID:
D00015056D29

**SUMMONS**

IN THE DISTRICT COURT OF Washington COUNTY, NEBRASKA

        PO Box 431
        Blair        NE 68008 0431


Good Shepherd Assisted Living Corp. v. Great American Insurance Co.

                                        Case ID: CI 14     212


TO:  Eric Howell


You have been sued by the following plaintiff(s):

    Good Shepherd Assisted Living Corp.


Plaintiff's Attorney:    Brian E Jorde
Address:                 2425 S 144th Street
                         Omaha, NE 68144-3267

Telephone:               (402) 493-4100

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  OCTOBER 30, 2014    BY THE COURT:  _Susan K. Paulsen_
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Eric Howell
        13110 Birch Drive, #182, Suite 148
        Omaha, NE 68164

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

12

| SERVICE RETURN | Doc. No. | 15056 |

Washington District Court

PO Box 431
Blair                     NE 68008 0431

To:
Case ID: CI 14     212 Good Shepherd Assi v. Great American Ins

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return     $ _____

Copy                      _____

Mileage ____miles         _____

   TOTAL          $ _____

Date: _____     BY: _____
                                      (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail, 9414 8102 0082 9380 9741 91,
TO THE PARTY: Eric Howell _____

At the following address: __13110 Birch Drive, #182, Suite 148, Omaha, NE 68164__

_____

_____

on the __9th__ day of __November__          __2014__ , as required by Nebraska state law.

Postage $ _5.86_     Attorney for: __Plaintiff__ _____

The return receipt for mailing to the party was signed on __November 14__     __2014__ .

To: Eric Howell                     From: Brian E Jorde
    13110 Birch Drive, #182, Suite 148          2425 S 144th Street
                                    Omaha, NE 68144-3267
    Omaha, NE 68164

# ATTACH RETURN RECEIPT & RETURN TO COURT

18

**UNITED STATES POSTAL SERVICE**

Date: November 18, 2014

Richard Daly:

The following is in response to your November 18, 2014 request for delivery information on your Certified Mail™/RRE item number 9414810200829380974191. The delivery record shows that this item was delivered on November 14, 2014 at 1:04 pm in OMAHA, NE 68164. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

13110 Birch Dr   Ste/48   # 182

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

19

```
Image ID:                                                            Doc. No.    15056
D00015056D29                   SUMMONS
```

IN THE DISTRICT COURT OF Washington COUNTY, NEBRASKA

PO Box 431
Blair                    NE 68008 0431

Good Shepherd Assisted Living Corp. v. Great American Insurance Co.

Case ID: CI 14    212

TO:  Eric Howell

You have been sued by the following plaintiff(s):

Good Shepherd Assisted Living Corp.

Plaintiff's Attorney:    Brian E Jorde
Address:                 2425 S 144th Street
                         Omaha, NE 68144-3267

Telephone:               (402) 493-4100

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  OCTOBER 30, 2014      BY THE COURT:  _Susan K. Paulsen_
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Eric Howell
        13110 Birch Drive, #182, Suite 148
        Omaha, NE 68164

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.   15056 |
|---|---|

Washington District Court

PO Box 431
Blair                    NE 68008 0431

To:
Case ID: CI 14     212 Good Shepherd Assi v. Great American Ins

Received this Summons on _____,_____ I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return     $ _____

Copy                        _____

Mileage _____miles     _____

 TOTAL              $ _____

Date: _____   BY: _____
                                          (Sheriff or authorized person)

# CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                          _____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____,_____

To: Eric Howell
    13110 Birch Drive, #182, Suite 148

Omaha, NE 68164

From: Brian E Jorde
      2425 S 144th Street
      Omaha, NE 68144-3267

# ATTACH RETURN RECEIPT & RETURN TO COURT

71

Filed in Washington District Court
*** EFILED ***
Case Number: D29CI140000212
Transaction ID: 0001763234
Filing Date: 10/30/2014 08:20:42 AM CDT

## DISTRICT COURT, WASHINGTON COUNTY, NEBRASKA

|  |  |
|---|---|
| GOOD SHEPHERD ASSISTED LIVING CORP. and GOOD SHEPHERD LUTHERAN COMMUNITY CORP. <br><br> *Plaintiff,* <br><br> vs. <br><br> GREAT AMERICAN INSURANCE COMPANY OF NEW YORK d/b/a GREAT AMERICAN INSURANCE COMPANY and ERIC HOWELL <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO. _____ <br><br><br> **Plaintiffs' Original Complaint** |

1.     Plaintiffs GOOD SHEPHERD ASSISTED LIVING CORP. and GOOD SHEPHERD LUTHERAN COMMUNITY CORP. (collectively "Good Shepherd" or "Plaintiffs") are Nebraska Non-Profit Corporations located at 2242 Wright Street, Blair, Nebraska, operate several facilities incorporated under two names, and do business as the Good Shepherd, and allege as follows:

2.     Defendant GREAT AMERICAN INSURANCE COMPANY OF NEW YORK d/b/a GREAT AMERICAN INSURANCE COMPANY ("Great American") is an Ohio-based insurance company that underwrites, among other things, property, casualty, and wind or hail loss insurance policies in the State of Nebraska. Great American's administrative offices are located at 301 E. 4th Street, Cincinnati, Ohio 45202-4201. Pursuant to Nebraska Rule of Civil Procedure 25-509.01, Great American may be served via certified mail by serving both its Chief Executive Officer Donald Larson at 301 E. 4th

77

Street, Cincinnati, Ohio 45202-420, and C.T. Corporation, 111 Eighth Avenue, New York, New York, 10011.

3.      Defendant ERIC HOWELL ("Howell") is an individual who works at 13110 Birch Drive #182, Suite 148, Omaha, Nebraska 68164. Pursuant to Nebraska Rule of Civil Procedure 25-508.01, Howell may be served via certified mail.

4.      On or about June 3, 2014 Good Shepherd, a faith-based Nebraska business providing services to the elderly and infirmed, as well as to children, was a named insured under an insurance policy issued by Great American that provided coverage for any losses resulting from hail, wind, or other such storm damage (the "Policy").

5.      Plaintiffs paid all premiums required under the Policy, and performed all other conditions precedent required thereunder.

6.      On or about June 3, 2014 a powerful storm hit the Washington County area and Blair, Nebraska, seriously damaging Plaintiffs' property covered by the Policy. The property in question (the "Property") is located at 2242 Wright Street, Blair, Nebraska. Plaintiffs subsequently filed a claim on the Policy, which was assigned Claim No. 571567687. A separate lightning strike was assigned Claim No. 571566042.

7.      Howell, who is employed by NHI Adjusters, was hired by Great American and assigned as an individual adjuster on the claim. Upon information and belief, Howell conducted a substandard investigation and inspection of the Property, prepared a report that failed to include all of the damages, and purposefully undervalued damages to the Property. Howell excluded certain items from coverage despite not having reviewed the policy or familiarized himself with its exclusions. Indeed, as of August 29, 2014, after Howell had performed his work, Howell did not know which exclusions, if any, applied

73

to the claim.  Defendants acted in concert and performed an outcome-oriented investigation of Plaintiffs' claim that resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Instead of acknowledging liability once it had become reasonably clear to them, Defendants delayed payments and approval of much-needed repairs, causing further damage, including mold, to the facility.

8.  Defendants improperly underpaid and/or denied the claim.  Moreover, Plaintiffs have incurred significant losses due to business interruption, other personal property losses related to the storm, damages related to a lightning strike, and other consequential damages stemming from Great American's breach of the policy.

9.  Defendants' conduct, mishandling, underpayment, and delay in payments on the property damage claim has compelled Plaintiffs to institute litigation to recover amounts due under the policy.

10.  Defendants' conduct constitutes bad faith under Nebraska common law. Defendants failed to employ fair settlement practices, failed to conduct a proper investigation and instead chose to conduct a perfunctory and results-driven investigation, demonstrated indifference to facts submitted to them, unnecessarily delayed the claims process in an effort to maximize year-end profits, and failed to subject the results and findings to reasonable evaluation and review.

11.  The District Court has subject matter jurisdiction pursuant to Section 24-302 of Nebraska Revised Statutes.  The amount in controversy exceeds the County Court jurisdiction.

12.  Venue is proper in Washington County, Nebraska, because the Property is located here, the claim arose here, and the insurance policy was delivered here.

3

7U

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT (GREAT AMERICAN)**

13.     COMES NOW, Plaintiffs, and for their First Cause of Action against Great American, and pursuant to Section 44-359 of Nebraska Revised Statutes, allege and state as follows:

14.     Plaintiffs specifically incorporate by reference the preceding paragraphs 1-13 as though set forth fully herein.

15.     By undervaluing, denying, and refusing to fully compensate Plaintiffs' claims for benefits arising from the damages sustained during the storm, Great American breached the terms of its insurance contract with Plaintiffs.

16.     Due to Great American's breach, Plaintiffs have been forced to retain counsel and have been damaged in a sum to be determined at trial and final judgment. Plaintiffs' damages include, without limitation, actual damages, interest, and consequential damages, such as mold and required remediation.

17.     WHEREFORE, Plaintiffs pray for judgment against Great American in an amount to be determined at trial and for interest, costs, and reasonable attorney's fees pursuant to Section 44-359 of Nebraska Revised Statutes, together with any other and further relief the Court or jury deems reasonable and appropriate.

**SECOND CAUSE OF ACTION: BAD FAITH (GREAT AMERICAN/ HOWELL)**

18.     COMES NOW, Plaintiffs, and for their Second Cause of Action against Defendants allege and state as follows:

19.     Plaintiffs specifically incorporate the preceding paragraphs 1 through 18 as though set forth fully herein.

20.    Defendants' conduct constitutes bad faith because: (1) Defendants had no reasonable basis for denial, delay, and underpayment of coverage, when liability was reasonably clear; and (2) Defendants acted in reckless disregard, and without having a reasonable basis for denying, delaying, and underpaying coverage. Defendants failed to employ fair settlement practices, failed to conduct a proper investigation and instead chose to conduct a perfunctory and results-driven investigation, demonstrated indifference to facts submitted to Howell and other Great American agents, unnecessarily delayed payments and the claims process in an effort to maximize year-end profits, and failed to subject the results and findings to reasonable evaluation and review. Reckless disregard can be inferred from this conduct, regardless of whether Defendants ultimately make good on Plaintiffs' claim. Moreover, this conduct ultimately caused injury to Plaintiff, some of which became considerably worse with the delay, i.e., the mold issues facing Good Shepherd. Finally, Defendants had no arguable basis to deny, delay, and underpay the claim based on the information they had at the time they evaluated the claim. As a result, Plaintiffs are entitled to actual damages and consequential damages including, without limitation, attorney's fees.

21.    WHEREFORE, Plaintiffs pray for judgment against Defendants for damages for Defendants' bad faith refusal to timely pay all of the benefits due to Plaintiffs under the Policy, and for interest, consequential damages, costs, and reasonable attorney's fees pursuant to Section 44-359 of Nebraska Revised Statutes, together with any other and further relief the Court or jury deems reasonable and appropriate

## REQUEST FOR RELIEF

22.   WHEREFORE, Plaintiffs pray that, upon final hearing of the case, Plaintiffs recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, which are presently estimated to be no less than $3,535,815.48, which sum includes damages for the amounts still owed under Claim No. 571567687, amounts owed under Claim No. 571566042, business interruption losses, losses related to personal property, and mold damage and costs to remediate. Plaintiffs further ask that they be awarded attorneys' fees through trial and appeal as permitted by Section 44-359 of Nebraska Revised Statutes, consequential damages, costs of court, pre-judgment interest, and post-judgment interest. Plaintiffs also request such other and further relief, general or special, at law or in equity, to which they may show themselves to be justly entitled.

October __30__, 2014

Respectfully submitted,

DOMINA LAW GROUP, P.C. LLO

By:   /s/ Brian E. Jorde
      Brian E. Jorde
      NSBA No. 23613
      bjorde@dominalaw.com
      2425 S. 144th St.
      Omaha, Nebraska 68144
      402.493.4100—Telephone

DALY & BLACK, P.C.

By:   /s/ Richard D. Daly
      Richard D. Daly
      (Pro Hac Vice Admission)
      rdaly@dalyblack.com
      2211 Norfolk St., Suite 800
      Houston, Texas 77098
      713.655.1405—Telephone
      713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFFS**

7