IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GOOD SHEPHERD ASSISTED LIVING CORP.,  GOOD SHEPHERD LUTHERAN COMMUNITY CORP., | **4:14CV3241** |
| Plaintiffs, | |
| vs. | **FINDINGS AND RECOMMENDATION** |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, ERIC HOWELL, | |
| Defendants. | |

The above-captioned case was removed to this forum from the District Court for Washington County, Nebraska. (Filing No. 1).  Plaintiffs Good Shepherd Assisted Living Corporation and Good Shepherd Lutheran Community Corporation (collectively "Good Shepherd") allege a breach of contract claim against Great American Insurance Company, and bad faith claims against both Great American and Eric Howell, an insurance claims adjuster for Great American.

Plaintiffs moved for remand, (Filing No. 18), asserting complete diversity of citizenship is lacking because Plaintiffs and defendant Howell are citizens of Nebraska. (Filing No. 18-1, at CM/ECF p. 3).  Defendants claim Howell's citizenship must be ignored in assessing diversity because Plaintiffs have not asserted a valid claim against Howell, that Howell is fraudulently joined as a defendant, and Plaintiffs' lawsuit against Howell must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons discussed below, the court finds the motion for remand should be granted.

## STATEMENT OF FACTS

The following facts are assumed true for the purposes of this motion only:

Good Shepherd Assisted Living Corporation and Good Shepherd Lutheran Community Corporation are Nebraska corporations located in Blair, Nebraska. As such, they are Nebraska citizens. Defendant Great American is an Ohio-based insurance company with its principal place of business in Ohio. (Filing No. 1, at CM/ECF p. 2). Eric Howell is a Nebraska citizen.

Defendant Great American issued a property insurance policy to insure Plaintiffs' real estate. In June of 2014, a storm caused serious damage to Plaintiffs' facility in Washington County, Nebraska. Plaintiffs allege that under their Great American insurance policy, Plaintiffs were entitled to insurance coverage for the damages caused by the storm.

As relevant to the motion for remand, Plaintiffs' complaint alleges that following the storm, Great American contracted with Howell, an insurance adjuster, to inspect Plaintiffs' property and report the nature and extent of the building damages and the repairs needed and covered under the policy. Plaintiffs allege Howell conducted a substandard and outcome-oriented investigation of the property and, as a result, necessary repairs were delayed resulting in mold damage. (Filing No. 1, at CM/ECF p. 13). Plaintiffs seek to recover the costs for building repairs, business interruption losses, and personal property losses caused by the storm, and for the mold damage and necessary remediation.

## ANALYSIS

"A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005) (citing 28 U.S.C. § 1441(b)).  See also City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997).  The removing defendants bear the burden of proving the court has subject matter jurisdiction, with all doubts as to the propriety of exercising federal jurisdiction resolved in favor of remand.[1]  Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

Plaintiffs claim complete diversity is lacking because the plaintiffs and defendant Howell are Nebraska citizens.  The defendants claim Great Western is the only proper defendant, and the plaintiffs fraudulently joined Howell as a named defendant in an attempt to avoid a federal forum.  Defendants have also filed a Rule 12(b)(6) motion to dismiss Plaintiffs' complaint against Howell for failure to state a claim.  A federal court must assess subject matter jurisdiction, and the related claims of fraudulent joinder, before it either remands the case or considers Defendants' Rule 12(b)(6) motion.  Christiansen v. West Branch Community School Dist., 674 F.3d 927, 934 (8th Cir. 2012); Menz v. New Holland North America, Inc., 440 F.3d 1002, 1004 (8th Cir. 2006).

Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against that defendant.  Menz, 440 F.3d at 1004.  Plaintiffs' complaint

---

[1] The defendants' removal notice states, "The Complaint is silent on the citizenship of Howell.  As such, Plaintiffs have not alleged sufficient facts to defeat diversity jurisdiction and Removal is appropriate based on the allegations of Plaintiffs Complaint."  (Filing No. 1, at CM/ECF p. 3).  Defendants' assertion contrary to the law. The plaintiffs filed their claims in state court; therefore, they were not required to plead facts supporting federal diversity jurisdiction.  As the parties seeking—by way of removal—to litigate in a federal forum, the defendants bear that burden.

3

alleges "bad faith" claims for recovery against Howell for his improper investigation and inspection of Plaintiffs' property.  As to Plaintiffs' motion for remand, the fundamental question is whether Nebraska might permit such a claim against an insurance adjuster – "whether there is a reasonable basis for predicting that the state's law might impose liability" against Howell.  Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (emphasis added).[2]  If there is "no reasonable basis for predicting that [Nebraska law] might impose liability" on Howell, (Knudson v. Systems Painters, Inc., 634 F.3d 968, 982 (8th Cir. 2011)), Howell is an improperly joined defendant, his citizenship must be ignored when assessing diversity, and this court has diversity jurisdiction over Plaintiffs' claims against Great American.  If Nebraska law might impose liability on Howell, Defendants' fraudulent joinder challenge must be denied, and this case must be remanded for lack of complete diversity.

Some courts have concluded an insurance adjuster owes no duty of good faith and fair dealing to an insured, and therefore cannot be liable on a claim of bad faith. Lodholtz v. York Risk Servs. Grp., Inc., 778 F.3d 635 (7th Cir. 2015) (holding that under Indiana law, an insurance adjuster owes no legal duty to an insured); Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC, 341 P.3d 75 (2014) (under Oklahoma law, an independent insurance adjuster did not owe a duty of good faith and fair dealing where the adjuster did not administer the plan or control the benefits, his compensation was not tied to premiums or losses paid, the adjuster and insurer did not share risk, and the adjuster's authority with regard to insured was limited); Delamar v. Mogan, 966 F. Supp. 2d 755 (W.D. Ky. 2013) (applying Kentucky law and holding that where an insurance adjuster lacked privity of contract with the insured, the claim against the adjuster was not potentially viable and could not provide a basis for remand); Hawaiian Isle Adventures v. N. Am. Capacity Ins. Co., 2009 WL 330211 (D. Haw. Feb. 10, 2009) (holding that under

---

[2]  The standards for deciding fraudulent joinder and motions to dismiss under Rule 12(b)(6) differ.  To decide a Rule 12(b)(6) motion, the court must decide whether the applicable state law actually provides a legal basis for a plaintiff's claim against a named defendant.

Hawaii law, an insurance adjuster was not a party to the insurance contract, was not subject to an implied duty of good faith and fair dealing, and therefore could not be liable for bad faith).

Other courts have held that insurance adjusters can be liable for their bad faith handling of insurance claims. Esteban v. State Farm Lloyds, No. 3:13-CV-3501-B, 2014 WL 2134598 (N.D. Tex. May 22, 2014) (holding an insurance adjuster, who was a non-diverse party, was not improperly joined where the plaintiff alleged the adjuster's report failed to include many of Plaintiff's damages, did not allow adequate funds to cover repair and restoration of the property, and misrepresented the cause of the damage, the scope and cost of necessary repairs, and the amount of coverage available under the policy); Young v. Safeway Ins. Co., 807 F. Supp. 2d 599 (S.D. Miss. 2011) (holding that Mississippi law prohibits simple negligence claims against insurance adjusters, but an adjuster can be liable for gross negligence, malice, or reckless disregard for the rights of the insured under a tort-contract hybrid cause of action for bad faith denial of insurance claims); Centaurus Inglewood, LP v. Lexington Ins. Co., 771 F. Supp. 2d 667 (S.D. Tex. 2011) (holding an insured stated valid claims against an insurance adjuster under Texas law for failing to properly inspect the property, request information, investigate the claims, respond to Plaintiffs' requests for information, and timely evaluate, estimate, report and make recommendations to the insurer).  See also Bock v. Hansen, 225 Cal. App. 4th 215, 170 Cal. Rptr. 3d 293 (2014) (holding an insured can pursue a negligent misrepresentation claim against an adjuster for breaching the duty to communicate accurate information).

The parties have not cited, and the court has not found any Nebraska law addressing whether an insurance adjuster can be liable on an insurance bad faith claim. While bad faith claims under current Nebraska law are premised on an underlying insurance contract, and the associated covenant of good faith and fair dealing, (Braesch v.

5

Union Ins. Co., 237 Neb. 44, 55-56, 464 N.W.2d 769, 776 (1991); Wortman v. Unger, 254 Neb. 544, 578 N.W.2d 413 (1998); Ruwe v. Farmers Mutual, 238 Neb. 67, 74, 469 N.W.2d 129, 135 (1991); La Rette v. American Medical Security, Inc., 270 Neb. 545, 553, 705 N.W.2d 41, 48 (2007)), Plaintiffs are advancing a good faith argument for expansion of the law.  And Plaintiffs chose a state forum to consider this claim.

After reviewing the reasoning of court decisions from other forums, it is unclear whether Nebraska would permit such a claim.  It might.  And since it might, Howell is not fraudulently joined, complete diversity is lacking, and remand is required.  Cantrell v. Owners Ins. Co., 2014 WL 1168807, 1 (E.D. Ky. 2014) (holding that absent clear guidance on whether Kentucky law permits a plaintiff to sue an insurance adjuster for bad faith, joinder of the non-diverse adjuster was not fraudulent and remand was required); IDS Prop. Cas. Ins. Co. v. Gambrell, 913 F. Supp. 2d 748 (D. Ariz. 2012) (where it was unclear whether a claim adjuster could be liable for a breach of the duty of good faith and fair dealing, the adjuster was not fraudulently joined, complete diversity was lacking, and remand was warranted); Wiseman v. Universal Underwriters Ins. Co., 412 F.Supp.2d 801 (S.D. Ohio 2005) (holding that since Ohio law might recognize a claim against an insurance adjuster for negligently and fraudulently failing to inform of the chance to settle within policy limits, joinder of the non-diverse adjuster was not improper and the case must be remanded).

Even assuming the plaintiffs cannot pursue an insurance "bad faith" claim against an adjuster under Nebraska law, setting aside the "bad faith" label within the complaint, (In re Baycol Products Litigation, 732 F.3d 869, 875 n. 4 (8th Cir. 2013) (the court considers the substance of the allegations, and not the labels, when reviewing a complaint), the plaintiffs allege their storm damages were exacerbated due to Howell's substandard and delayed inspection and investigation of Plaintiffs' property.

As an adjuster, Howell was Great American's agent.  Bump v. Firemens Ins. Co. of Newark, N.J., 221 Neb. 678, 686-87, 380 N.W.2d 268, 275 (1986).  As explained by the Nebraska Court, an insurance adjuster's role is to "separate fact from fiction regarding a claim and obtain information to enable the insurance company to distinguish the valid claim from a claim for which the insurance company is not liable under its policy."  Bump, 221 Neb. at 686-87, 380 N.W.2d at 275.  "[A]n insurance company's sending an inept or incompetent adjuster, or one who is otherwise incapable of ascertaining and reporting a loss, spawns skepticism about good faith dealing with an insured. . . ."  Id.

An agent can be liable only to the principal on a mere breach of contract claim. Simon v. Omaha Pub. Power Dist., 189 Neb. 183, 201, 202 N.W.2d 157, 168 (1972). However,

> If in the course of his agency, [an agent] undertakes as a part of his contract to render service to his principal of a type which he should recognize as necessary for the protection of third persons, he must exercise reasonable care in the performance of the undertaking.  It is not the contract which gives rise to the duty, nor is the standard of care increased or diminished by the status as agent, it is his common-law obligation to do that which he undertakes so as not to injure another.

Simon v. Omaha Pub. Power Dist., 189 Neb. 183, 201, 202 N.W.2d 157, 168 (1972) (holding an architect hired by an owner to perform a safety inspection had duty to exercise reasonable care performing the inspection contract so as not to cause injury to third persons).

Plaintiffs allege Howell's inadequate and unprofessional inspection and investigation, and its miscommunications with the insurer, caused repair delays, and with that, the development of mold, and required mold remediation.  Even if the plaintiffs cannot pursue a bad faith claim against Howell, their allegations might support claims for

recovery against Howell under Nebraska tort law.  See, e.g., Huber v. Tower Grp., Inc., 881 F. Supp. 2d 1195 (E.D. Cal. 2012) (holding that although an insurance bad faith claim was not permitted against the non-diverse insurance adjuster, joinder was not fraudulent if the insureds allegations may state a valid negligence claim if the adjuster's authorization and oversight of emergency repairs resulted in damage to the property).

Under such circumstances presented, Howell was not fraudulently joined as a defendant.  Since complete diversity is lacking, the defendants have failed to meet their burden of proving this court has subject matter jurisdiction.  This case should be remanded to the District Court of Washington County, Nebraska.

IT THEREFORE HEREBY IS RECOMMENDED to Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the Motion for Remand, (Filing No. 18), filed by Plaintiffs be granted.

The defendants are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

April 15, 2015.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.