IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GOOD SHEPHERD ASSISTED LIVING CORP., and GOOD SHEPHERD LUTHERAN COMMUNITY CORP., | 4:14-CV-3241 |
| Plaintiffs, | |
| vs. | MEMORANDUM AND ORDER |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK doing business as Great American Insurance Company, and ERIC HOWELL, | |
| Defendants. | |

  This matter is before the Court on the Plaintiffs' Motion to Remand (filing 18), the United States Magistrate Judge's Findings and Recommendation (filing 26) recommending that the motion be granted, and the defendants' Statement of Objections to Magistrate Judge's Findings and Recommendations (filing 27). The Court will overrule the objection, adopt the findings and recommendation, and grant the motion to remand.

  The defendants' objections to the findings and recommendation are fourfold. First, the defendants' complain about the Magistrate Judge's reliance on the complaint's allegation that defendant Howell "was hired by Great American" (filing 1 at 10) to support a finding that Howell was an agent of Great American. The Magistrate Judge stated that "Great American contracted with Howell" and that "Howell was Great American's agent." Filing 26 at 2, 7. According to the defendants, the complaint actually alleges that Great American contracted with Howell's employer, NHI Adjusters, and that as a result there is no contractual relationship between Great American and Howell. Filing 27 at 1-2.

  The complaint is actually ambiguous on that point, but it appears clear from the plaintiffs' subsequent filings that they did not intend to allege a contractual relationship between Great American and Howell. *See* filing 28 at 2. But the defendants do not explain why that fact matters. The defendants seem to have misapprehended the Magistrate Judge's reasoning. The

Magistrate Judge did not find that Howell was subject to liability *because* he was Great American's agent—rather, the Magistrate Judge explained why Howell might be liable to the plaintiffs in tort *despite* being Great American's agent. *See* filing 26 at 7-8. Obviously, the suggestion that Howell might not have been an agent of Great American does not undermine that reasoning. (And as explained below, it actually may help the plaintiffs.)

Second, the defendants contend that the Magistrate Judge misapplied caselaw in concluding that Nebraska law might extend to permit liability against Howell. They contend that the cases from other jurisdictions which support finding an insurance adjuster individually liable to the insured do so based upon either a statutory duty or a special relationship between the adjuster and the insured. Filing 27 at 3-5. "[N]o Nebraska court," they argue, "has ever found a duty based on a special relationship that existed between an insured and a third party adjuster, much less the employee of a third party adjuster, nor has Nebraska enacted a specific statute to establish such a duty." Filing 27 at 3.

But that argument does not demonstrate that Howell was fraudulently joined. As the Magistrate Judge explained, a party has been fraudulently joined only if there is no reasonable basis in fact and law for the claim brought against it. *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014). Joinder may be fraudulent where applicable state precedent *precludes* the existence of a cause of action against a defendant. *Id.* But joinder is not fraudulent when a plaintiff *might* have a colorable claim under state law against a fellow resident. *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007). In making that prediction, the Court must resolve all facts and ambiguities in the current controlling substantive law in the plaintiffs' favor. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). All doubts about federal jurisdiction should be resolved in favor of remand to state court. *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011).

The plaintiffs are, by their own admission, pursuing a claim that has not been recognized under Nebraska law. Filing 28 at 4. But Nebraska has not rejected such a claim either. And the Court need not definitively settle the question: the Court finds that there is at least a reasonable basis for finding liability, and when the sufficiency of the plaintiff's allegations against the non-diverse defendant is questionable, the better practice is for the Court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. *Filla*, 336 F.3d at 811.

Third, the defendants argue that "contractual privity is necessary to establish a claim of bad faith" under Nebraska law. Filing 27 at 5. But that is simply a recasting of the defendants' previous arguments. Bad faith denial of

- 2 -

an insurance claim is, without question, a tort under Nebraska law. *LeRette v. Am. Med. Sec.*, 705 N.W.2d 41, 47-48 (Neb. 2005); *Weatherly v. Blue Cross Blue Shield Ins. Co.*, 513 N.W.2d 347, 353 (Neb. Ct. App. 1994). It is true that liability for the tort of bad faith springs from the breach of the contractual covenant of good faith and fair dealing. *LeRette*, 705 N.W.2d at 47. If Howell was an employee of Great American, the defendants' arguments might be stronger. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878-79 (7th Cir. 1999). But the defendants are quite clear that in their insistence that Howell, "[a]t no point in time" had "any relationship with Great American, much less one that would warrant him being considered to be an agent of the insurer." Filing 27 at 3.

And the plaintiffs' complaint alleges that Howell was not simply negligent, but *deliberately* acted to deny the plaintiffs' recovery. Filing 1 at 10. The defendants cite nothing in Nebraska law to preclude a finding that an insurance adjuster may have a duty to an insured that would support tort liability under such circumstances, even if that tort was not labeled "bad faith." As the Magistrate Judge pointed out, in construing a pleading, the Court considers the substance of the factual allegations, not the label a party attaches to a claim. *In re Baycol Prods. Litig.*, 732 F.3d 869, 875 n.4 (8th Cir. 2013). And the plaintiffs, the Court notes, allege that the defendants acted "in concert", filing 1 at 11; if Howell was not an agent of Great American, then the plaintiffs' allegations (if proved) might support a conclusion that the defendants conspired in Great American's commission of the tort of bad faith. *Cf. deNourie & Yost Homes, LLC v. Frost*, 854 N.W.2d 298, 315-16 (Neb. 2014) (explaining civil conspiracy).

Finally, the defendants complain that the plaintiffs' complaint does not contain the specific allegations they say would be needed to expand Nebraska law to impute a tort duty to Howell. "While Nebraska courts could arguably expand the law outside the need of a contract to establish a duty by a third party adjuster," the defendants argue, the plaintiffs "ha[ve] not pled any basis for them to do so . . . ." Filing 27 at 7. The Magistrate Judge, they contend, "erroneously chose to speculate about a claim that might exist rather than to apply existing Nebraska law which clearly provides that no claim existed under the allegations of the Complaint." Filing 27 at 6.

But as explained above, the Magistrate Judge correctly applied the standards for determining whether a defendant's joinder was fraudulent. The question is not whether there is a claim under "existing Nebraska law," but whether there is a reasonable basis for believing that such a claim might be recognized. *See Wilkinson*, 478 F.3d at 964. And to the extent that the complaint might be insufficient, the issue is not whether the plaintiffs *did* state a claim, but whether they *could*: "[t]he relevant inquiry in analyzing

fraudulent joinder . . . focuses only on whether a plaintiff might have a colorable claim under state law against a fellow resident, not on the artfulness of the pleadings." *Id.* (citations and quotations omitted); *see Block,* 665 F.3d at 948.

In short, while the established tort of bad faith denial of an insurance claim is grounded in contractual privity, *see Schwartz,* 174 F.3d at 878-79, that does not preclude at least a colorable claim for tort liability under Nebraska law. The Court will overrule the defendants' objection, adopt the Magistrate Judge's findings and recommendation, and grant the plaintiffs' motion to remand.

IT IS ORDERED:

1. The defendants' Statement of Objections to Magistrate Judge's Findings and Recommendations (filing 27) is overruled.

2. The United States Magistrate Judge's Findings and Recommendation (filing 26) is adopted.

3. Plaintiffs' Motion to Remand (filing 18) is granted.

4. This case is remanded to the District Court for Washington County, Nebraska.

Dated this 21st day of May, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge